FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2019 JAN 25  AM 10: 02

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No: '19 - CV - 0 0 2 1 7

ANDREW J. O'CONNOR and MARY E. HENRY,

    Plaintiffs,

v.

COLORADO SUPREME COURT, ATTORNEY REGULATION COUNSEL, COLORADO ATTORNEY GENERAL'S OFFICE, COLORADO SECRETARY OF STATE'S OFFICE, JUSTIN MOORE, CYNTHIA COFFMAN, MELODY MIRBABA, SUZANNE STAIERT and JASON DUNN, individually and severally,

    Defendants.

---

## COMPLAINT FOR DAMAGES PURSUANT TO 42 U.S.C. § 1201 et seq.

---

**COMES NOW,** pro se Plaintiffs Andrew J. O'Connor and Mary E. Henry

and files this Complaint for Damages Pursuant to 42 U.S.C. § 1201 et seq., against

Colorado Supreme Court, Attorney Regulation Counsel, Justin Moore, Melody Mirbaba

Cynthia Coffman and Jason Dunn, individually and severally, for actual damages in

excess of $25 million dollars, compensatory damages, punitive and statutory damages

including, but not limited to defamation, intentional infliction of severe emotional

distress, mental anguish, pain and suffering plus reasonable attorney fees and costs

associated with this action for violations of the civil rights pro se Plaintiffs' under the

First Amendment of the U.S. Constitution and for violations of the Americans with

Disabilities Act 42 U.S.C. § 1201 et. seq., as well as violations of Due Process and Equal

Protection Clauses of the Fourteenth Amendment of the U.S. Constitution.

1

## JURISDICTION AND VENUE

Jurisdiction of this Court arises under 42 U.S.C. § 1201 et. seq. Venue is proper in the United States District Court, District of Colorado because the actions and transactions occurred in this District and because Plaintiffs reside here and Defendants are located here or transact business here.

## PARTIES

1. Pro se Plaintiffs Andrew J. O'Connor and Mary E. Henry, ("Plaintiffs") are residents of Boulder County, Colorado and are champions for the people.

2. Defendant Colorado Supreme Court, Attorney Regulation Counsel ("ARC") are political hacks, crypto Nazis and Capitalistic enforcers for oil and gas that masquerades as Attorney Regulation Counsel and helps the Colorado Supreme Court regulate the practice of law in Colorado through various programs. ARC have 15 or more employees and at all times relevant to this action, ARC acted in the course and scope of their employment and said actions were in violation of Colorado and Federal law including, but not limited to, 42 U.S.C. §1201 et. seq., as well as violations of Due Process and Equal Protection Clauses of the Fourteenth Amendment of the U.S. Constitution.

3. Defendant Colorado Attorney General's Office ("AG") are political Hacks, crypto Nazis and Capitalistic enforcers for oil and gas that masquerades as Attorney General of the State of Colorado and chief legal officer for the state of Colorado and the head of the Colorado Department of Law, a principal department of the Colorado state government. AG has 15 or more employees and at all times relevant to this action,

2

AG acted in the course and scope of their employment and said actions were in violation of Colorado and Federal law including, but not limited to, 42 U.S.C. §1201 et. seq., as well as violations of Due Process and Equal Protection Clauses of the Fourteenth Amendment of the U.S. Constitution.

4.   Defendant Colorado Secretary of State's Office ("SS") are political hacks , crypto Nazis and Capitalistic enforcers for oil and gas that masquerades as The Secretary of State of Colorado is the secretary of state of the state of Colorado in the United States. SS has 15 or more employees and at all times relevant to this action, SS acted in the course and scope of their employment and said actions were in violation of Colorado and Federal law including, but not limited to, 42 U.S.C. §1201 et. seq., as well as violations of Due Process and Equal Protection Clauses of the Fourteenth Amendment of the U.S. Constitution.

5.   Defendant Justin Moore , ("Moore") is a political hack and crypto Nazi and Capitalistic enforcer for oil and gas that masquerade as an employee of ARC. At all times relevant to this action, Moore acted within the course and scope of his duties which were in violation of Colorado and Federal law including, but not limited to, 42 U.S.C. §1201 et. seq.

6.   Defendant Cynthia Coffman ("Coffman" ) is a political hack, crypto Nazi and Capitalistic enforcer for oil and gas who masqueraded as  Colorado Attorney General, and all times relevant to this action, she acted in her official capacity and said actions were in violation of Colorado and Federal law including, but not limited to 42 U.S.C. §1201 et. seq., as well as violations of Due Process and Equal Protection Clauses of the Fourteenth Amendment of the U.S. Constitution.

7.   Defendant Melody Mirbaba ("Mirbaba") is a political hack, crypto Nazi and Capitalistic enforcer for oil and gas that masquerades as a Deputy Attorney General, State Service Section and all times relevant to this action, she acted in her official capacity and said actions were in violation of Colorado and Federal law including, but not limited to 42 U.S.C. §1201 et. seq., as well as violations of Due Process and Equal Protection Clauses of the Fourteenth Amendment of the U.S. Constitution.

8.   Defendant Suzanne Staiert ("Staiert") is a political hack, crypto Nazi and Capitalistic enforcer for oil and gas who masquerades as an employee of Legislative Council Staff and all times relevant to this action, she acted in her official capacity and said actions were in violation of Colorado and Federal law including, but not limited to 42 U.S.C. §1201 et. seq. , as well as violations of Due Process and Equal Protection Clauses of the Fourteenth Amendment of the U.S. Constitution.

9.   Defendant Jason Dunn ("Dunn") is a political hack, crypto Nazi and Capitalistic enforcer for oil and gas who masquerades as the U.S. Attorney for Colorado and was formerly an employee of Brownstein, Hyatt and all times relevant to this action, he acted in his official capacity which was in violation of Colorado and Federal law including, but not limited to, 42 U.S.C. §1201 et. seq. , as well as violations of Due Process and Equal Protection Clauses of the Fourteenth Amendment of the U.S. Constitution.

## **BACKGROUND**

On or around December of 2018, Plaintiffs were co-sponsors of Proposed Initiative 2017- 2018, a ballot initiative to raise severance tax on oil and gas when Defendants defamed

4

and attempted to chill Plaintiffs' speech under the First Amendment as well as violated

Plaintiffs' rights of Due Process and Equal Protection Clauses of the Fourteenth

Amendment of the U.S. Constitution. Defendants are lying, lackeys for the oil and gas

industry and upon information and belief all Defendants received kickbacks from that

toxic and inherently dishonest industry. Simply put, Defendants are crypto-Nazis who are

paid Capitalistic enforcers for the oil and gas industry and give lawyers and public

servants a bad name.

All of Defendants' pleadings filed with Colorado Supreme Court, Disciplinary Counsel,

State of Colorado, Department of Law, Colorado Attorney General's Office and

Colorado Secretary of State's Office  and state court contain material misrepresentations

and defamatory statements and were done in an attempt to chill Plaintiffs' rights under

the First Amendment and were in violation of the ADA. The Defendants used state action

in an attempt to silence pro se Plaintiffs' rights under the First Amendment and to defeat

the ballot initiative to raise severance tax on oil and gas in Colorado by defaming pro se

Plaintiffs in pleadings and in the media.

On April 28, 2017, the Plaintiffs were denied due process and a fair rehearing on

Initiative 2017-2018 #20. The Title Board acted wrongfully and unconstitutionally

including, but not limited to, acting in an arbitrary and capricious manner by moving

the location of the rehearing from the Secretary of State's Office to the Supreme Court

Building after Straiert, defamed, publicly character assassinated and falsely portrayed

Plaintiffs as a security threat thereby denying due process and a fair and impartial

rehearing. The aforementioned misconduct by Staiert and by implication the Title Board,

violated the State and federal law, the ADA, civil rights Plaintiffs as well as the Colorado

Rules of Professional Conduct and §1-40-106 (1) C.R.S. (2016) and said professional

misconduct demonstrated bias and prejudice and discriminated against Plaintiffs.

On April 25, 2017, Staiert and one of the three members on the Title Board, acting in her

official capacity, gave an interview to Denver television station KUSA, in which she

defamed and falsely accused Plaintiffs of being dangerous and a security threat. Staiert

told KUSA that the rehearing would have to be delayed in order to find a space in a

secure building with metal detectors  stating:

*From this point on, that will be a security obligation that we are obligated to take.*

At a minimum, Staiert should have recused herself from sitting on the Title Board on the

rehearing after making improper and defamatory public comments falsely portraying

Plaintiffs as being dangerous and a security threat and accusing Plaintiffs of committing a

crime and then demonizing Plaintiffs by moving the rehearing from the Secretary of

State's Office to the Supreme Court Building. Under the aforementioned circumstances,

it was impossible for Plaintiffs to receive a fair and impartial rehearing. The Title Board

acted wrongfully and unconstitutionally including, but not limited to, acting in an

arbitrary and capricious manner by denying Plaintiffs due process, denying Plaintiffs a

fair and impartial rehearing and by defaming and publicly character assassinating

Plaintiffs. Staiert and by implication the Title Board violated the Colorado Rules of

Professional Conduct and demonstrated bias and prejudice against Plaintiffs.

On April 26, 2017, Steven Ward with the Secretary of State's Office contacted Petitioner

notifying him that Respondent filed a Motion for Rehearing and that the location of the rehearing was moved from the Secretary of State's Office to the Supreme Court Building. When Petitioner asked Mr. Ward for an explanation of why the location for rehearing was being moved from the Secretary of State's Office to the Supreme Court Building, he responded with only a vague reference to security concerns which he refused to clarify. Staiert statements and actions demonstrated that she was biased and prejudiced against Plaintiffs and falsely accused them of committing a crime and clearly, Staiert's misconduct violated the Colorado Rules of Professional Conduct and §1-40-106 C.R.S. (2016).

Section 1-40-106 (1) C.R.S. states that public meetings are to be held before the Secretary of State's Office; consequently, it is a violation of Section 1-40-106 (1) C.R.S., to hold a public meeting involving rehearing on a ballot initiative at any other place than the Secretary of State's Office. The purpose of the initiative and referendum is to expeditiously permit free exercise of legislative powers by the people. *Matter of Title, Ballot Title & S. Clause,* 872 P.2d 689 (Colo. 1994)

It was a violation of Section1-40-106 (1) C.R.S., to move a public meeting on a rehearing from the Secretary of State's Office to the Ralph Carr Building, without reasonable notice or substantial justification because it deprived the Plaintiffs and public of reasonable notice of the change of venue and opportunity to attend and access said public meeting; consequently, said public meeting must be held at the Secretary of State's Office, as it always has been pursuant to Section 1-40-106 (1) C.R.S. *Brownlow v. Wunch*, 103 Colo. 120, 83 P. 2d 775 (1938). Moving the rehearing from the Secretary

of State's Office to the Ralph Carr Building substantially prejudiced the Plaintiffs and

the public and deprived the public the opportunity to attend as there was substantial

public interest in Ballot Initiative 2017-2018 #20. Also, by demonizing the Plaintiffs as a

security threat and moving the location of the rehearing on the false pretense that

Petitioner posed a security threat prejudiced the Plaintiffs case and gave Respondent's

a competitive advantage. The Secretary of State's Office refused to or was unable

to articulate a credible reason or substantial justification for moving the rehearing from

the Secretary of State's Office, where it has always been held, to the Ralph Carr Building

and accordingly said action violated Section 1-40-106 (1) C.R.S.


On April 26, 2016, Petitioner filed: Objections to Moving Rehearing from Secretary of

State's Office in Violation of Section 1-40-106(1) C.R.S.; Motion for Telephone Hearing;

Motion for Continuance and Motion to Dismiss Frivolous Motion for Rehearing and

Request for Sanctions. All of the aforementioned were summarily denied by Defendants.

In fact, the Title Board should have considered the frivolous, groundless and vexatious

nature of the pleading as well as the bad faith misconduct of counsel in telephoning the

Secretary of State's Office and defaming Plaintiffs by falsely stating that they posed a

security threat causing the location of the rehearing to be moved under C.R.S. § 13-17-

102 as follows:

  a. the extent of any effort made to determine the validity of any action or
    claim before the action or claim was asserted;
  b. the extent of any effort made after the commencement of an action to
    reduce the number of claims or defenses being asserted or to dismiss claims

or defenses found not to be valid within an action; and

c. the availability of facts to assist a party in determining the validity of a claim or defense. C.R.S. § 13-17-102; *Bilawsky v. Faseehudin*, 916 P. 2d 586 (Colo. App.1995).

Defendants acted in bad faith, deceptively and unethically in violation of State and Federal law as well as the Colorado Rules of Professional Conduct and should be sanctioned for making material misrepresentations in telephoning the Secretary of State's office and defaming Plaintiffs and falsely stating that he posed a security threat in order to discredit Plaintiffs and gain a competitive advantage and for filing a frivolous Motion for Rehearing. Defendants misconduct is frivolous, groundless and vexatious. *Int'l Tech. Instruments, Inc. v. Eng'g Measurements, Inc.,* 678 P.2d 558 (Colo. App. 1983).

Defendants' aforementioned misconduct, material misrepresentations, pleadings and bad faith arguments made in defaming Petitioner and in the Motion for Rehearing are frivolous, groundless and vexatious and counsel should be sanctioned accordingly. A vexatious claim is one brought or maintained in bad faith to annoy or harass and may include conduct that is arbitrary, abusive, stubbornly litigious or disrespectful of truth. *Bockar v. Patterson,* 899 P:2d 233 (Colo. App. 1994).

Where changes in final version of initiative submitted to Secretary of State were in direct response to substantive questions and comments raised by directors of the legislative council and the office of legislative legal services, the proponents of the initiative were not required to resubmit the initiative to the directors. *In re Ballot Title 1999-2000 No. 256*, 12 P.3d 246 (Colo. 2000). On April 7, 2017, the Title Board acted properly in granting jurisdiction and setting title on Ballot Initiative 2017-2018 #20.

Counsel's Motion for Rehearing failed to set forth, in a manner consistent with Section 1-40-107, C.R.S., It is well established in Colorado that it is in the interest of public policy for the Title Board to confer jurisdiction on citizen ballot initiatives. Provisions relating to the initiative should be liberally construed to permit, if possible, the exercise by the electors of this more important privilege. *Brownlow v. Wunch,* 103 Colo. 120, 83 P.2d 775 (1938); *Say v. Baker,* 137 Colo. 155, 322 P. 2d 317 (1958).

On December 11, 2017, Plaintiffs filed a Petition for Writ of Certiorari with the Supreme Court of the United States concerning the aforementioned outrageous misconduct; however, it was not granted which does not a surprise to Plaintiffs considering the political hacks, crypto Nazis and Capitalistic enforcers that populate that Court.

On February 2, 2018, Plaintiffs filed a request for investigation against Coffman with ARC Case No: 18-455, based upon the following facts and circumstances of Coffman's unprofessional misconduct which implicated Colorado Rules of Professional Conduct 3.3 (Candor Toward the Tribunal) and 8.4 (a), (c), (d), (e) and (h) (Misconduct). Coffman's unprofessional misconduct was very troubling because not only did she violate the trust of the people of Colorado by abusing the power and influence of her office as Colorado Attorney General but she also violated her oath as an attorney. On December 18, 2017, Coffman initiated a frivolous and meritless complaint against Plaintiff O'Connor with Attorney Regulation Counsel in order to harass him for partisan political purposes and gain. Her lack of integrity and professional misconduct was concerning in light of the fact that she announced that she was running as a Republican candidate for Governor of

Colorado. She was clearly unqualified professionally or ethically to represent the people of Colorado.

Plaintiffs were co-sponsors of Ballot Initiative #94, Severance Tax on Oil and Gas, and previously filed Ballot Initiative # 70, Severance Tax on Oil and Gas. For over a year, Plaintiffs worked with Colorado Legislative Council Staff and appeared before the Title Board attempting to get their proposed initiative on the ballot. Plaintiffs were also forced to litigate the matter before the Colorado Supreme Court. Because Plaintiffs were proponents of the Ballot Initiative, Severance Tax on Oil and Gas, they and their 9 year old daughter have had to endured on-line death threats and harassment from the oil and gas industry and even had a private investigator hired by oil and gas parked in front of their home and followed Plaintiffs to work. Plaintiffs were slandered and libeled and the target of opposition research by the oil and gas industry. On June 27, 2017, Western Energy Alliance published private emails between me and various City and State officials were published prompting Plaintiffs to file a lawsuit against oil and gas *Andrew J. O'Connor v Camile Cave, Michazel Sandoval, Western Wire and Western Energy Alliance,* Case No: 2017CV255. http://westernwire.net/its-worth-the-time-to-actually-read-the-oconnor-emails/.

Coffman, a Republican and supporter of fracking near homes and schools, has initiated a frivolous and meritless complaint against Plaintiff O'Connor with Attorney Regulation Counsel in order to harass him for partisan political purposes and gain. Through her frivolous and meritless complaint Coffman is attempting to silence, harass and intimidate

Plaintiffs in order to stop their efforts of getting our Ballot Initiative # 94, Severance Tax on Oil and Gas on the ballot. Coffman is a Republican lackey for the oil and gas industry and it is no secret that she has accepted thousands of dollars in campaign contributions from this inherently dishonest, toxic and lethal industry. Coffman lacks integrity and is utterly corrupt and she has betrayed the trust of people of Colorado. Coffman must be held accountable for her professional misconduct and disciplined by the Colorado Supreme Court as well as forced to pay money damages to Plaintiffs. On February 28, 2018, ARC dismissed the complaint because Coffman probably a kickback.

On February 2, 2018, Plaintiffs filed a request for investigation of Dunn with ARC, Case No: 17-3584. On December 6, 2018, Dunn made a public and credible and substantiated death threat against Plaintiff O'Connor at a Title Board Hearing. Complaints against Dunn were filed with: the Colorado Secretary of State's Office, Elections Division; Denver Police Department, Case No: 17-848-244; Denver District Attorney and ARC, Case No: 17-3584. On January 29, 2018, ARC dismissed the complaint because they probably got paid off by Brownstein, Hyatt and/or Dunn probably gave ARC a kickback.

On January 16, 2018, in retaliation against Plaintiffs, Coffman and Mirbana filed a request for investigation, Case No: 17-3508, of Plaintiff O'Connor with ARC, Upon information and belief, said request for investigation was initiated by Staiert and Dunn. To date, ARC has refused to dismiss the frivolous complaint despite Plaintiff O'Connor answering on February 10, 2018 as well as attaching an affidavit from Plaintiff Henry. It

is curious to Plaintiffs that Plaintiffs' complaints against Defendants went nowhere; yet, ARC continues to investigate Plaintiffs which has resulted in this lawsuit.

## FACTUAL ALLEGATIONS

1. As in everything it does, Defendants are abusive, inherently dishonest, bullying and disingenuous and always wants to have it both ways.

2. Defendants defamed pro se Plaintiffs and disingenuously argued that they are not entitled to pro se deference because he is a *trained attorney* defamed and character assassinated pro se Plaintiff O'Connor by misstating and mischaracterizing his past.

3. What Defendants deceptively and in bad faith omitted is that pro se Plaintiff O'Connor was nearly killed when he was hit head-on by a drunk driver in Florida in 1992 and that he suffered multiple blunt trauma injuries including a traumatic brain injury resulting in being hospitalized for over thirteen (13) months and was placed on the Florida Bar's inactive list for medical incapacity not related to misconduct. There was no material misrepresentation made to the New Mexico Supreme Court and pro se Plaintiff O'Connor was and is in good standing with the Florida Bar. Yet, Defendants continue to defame pro se Plaintiff O'Connor and they must be held accountable.

4. Defendants knew that they were losing the case and resorted to character assassinating pro se Plaintiffs in an attempt to discredit them with the Court and public opinion. Defendants should be sanctioned for their outrageous conduct.

5. Defendants cannot have it both ways. Defendants cannot say that pro se Plaintiff O'Connor is a *"trained attorney"* and not entitled to pro se deference despite his injuries and traumatic brain injuries and then say that pro se Plaintiff O'Connor is not entitled to attorney fees. Pro se Plaintiff O'Connor was permanently disabled and suffers from cognitive deficiencies as a result of his traumatic brain injury and is absolutely entitled to pro se deference. And, on January 8, 2019, a Federal Court granted Plaintiffs pro se deference. On January 17, 2019, a State Court granted Plaintiffs pro se deference.

6. The Court should consider the Defendants' material misrepresentations, defamation, threats, abusive misconduct and the intimidating and the harassing tactics employed by Defendants as well as the frivolous nature of their unauthorized practice of law claims and pleadings and award Plaintiffs damages and attorney fees and costs.

7. Defendants discriminated against pro se Plaintiff O'Connor because of his disability, a traumatic brain injury in violation of the Americans with Disabilities Act 42 U.S.C. § 1201 et. seq.

8. Plaintiff has a traumatic brain injury and belongs to a group protected by the Americans with Disabilities Act.

9. Plaintiff graduated from law school in 1987 and practiced law as an assistant public defender and drug court attorney in Tampa, Florida and Santa Fe, New Mexico.

10. On April 30, 1992, Plaintiff was severely injured and permanently disabled when he was hit head-on by a drunken driver in Pinellas County, Florida. Plaintiff suffered multiple blunt trauma injuries, including, but not, limited to: closed head injury resulting in a traumatic brain injury and necessitating a medically induced coma; fractured cheekbones resulting in surgery for titanium mesh implants, loss of teeth resulting in several surgeries for dental implants and bone grafts, surgical removal of damaged gall bladder and spleen, numerous surgeries to stop bleeding and repair damaged liver; two collapsed lungs or pneumothorax necessitating being placed on a ventilator and insertion of chest tubes; fractured femur necessitating surgery for insertion of titanium rod; broken tibia necessitating surgery for insertion of titanium rod; fractured ankle necessitating surgery for insertion of a metal plate, screws and bolts. Plaintiff was hospitalized for over one year and required numerous surgeries and was placed on a feeding tube for most of the time that he was hospitalized and his weight fell below 100 lbs.

11. Plaintiff underwent speech therapy, occupational and physical therapy where he learned to walk and talk again; however, he was permanently disabled and placed on inactive status for medical incapacity not related to misconduct with the

Florida Bar.

12. Instead of supporting pro se Plaintiff O'Connor in his recovery, Defendants and the Courts have character assassinated, stigmatized, defamed and demonized him and they should be ashamed of themselves but they aren't because everybody knows that Defendants and the Courts lack a moral foundation, a modicum of decency, are unethical and as Capitalists always put profits before people.

13. Defendants, being the crypto Nazis that they are, character assassinated, stigmatized, defamed and demonized pro se Plaintiffs and they should be ashamed themselves but they aren't because everybody knows that Defendants lack a foundation, a modicum of decency, are unethical and as predatory Capitalists always put profits before people.

14. Any one of the aforementioned serious injuries, but particularly the traumatic brain injury, qualifies Plaintiff as individual with a disability covered and protected by the ADA. The Courts and Defendants discriminated against Plaintiffs and violated the ADA.

## FIRST CLAIM FOR RELIEF
### (Damages for Violations of 42 U.S.C. §1201 et. seq.)

15. Pro se Plaintiff hereby re-allege and re-incorporate by reference all preceding allegations of law and fact contained in paragraphs 1-32.

16. Defendants engaged in illegal and unconstitutional discriminatory practices and discriminated against him because of his disability in violation of State and Federal laws; including, but not limited to, 42 U.S.C. §1201 et. seq.

17. As a proximate result of Defendants' wrongful termination, arbitrary, capricious, malicious and discriminatory conduct, pro se Plaintiffs suffered intentional infliction of severe emotional distress; loss and requests an award for actual and compensatory damages; requests reimbursement for medical bills for treatment for exacerbation of symptoms of anxiety, depression and PTSD; punitive damages and attorney fees and costs in an amount to be fully proved at the time of trial.

**SECOND CLAIM FOR RELIEF**
**(Damages for Intentional Infliction of Severe Emotional Distress)**

18. Plaintiffs hereby re-allege and re-incorporate by reference all preceding allegations of law and fact contained in paragraphs 1-17.

19. Defendants intentionally inflicted severe emotional distress upon pro se Plaintiffs and engaged in illegal, unconstitutional discriminatory and discriminatory practices because of his disability in violation of State and Federal laws; including, but not limited to 42 U.S.C. §1201 et. seq. Pro se Plaintiffs are continually anxious and stressed and traumatized and are showing symptoms of PTSD because of the wrongful actions of Defendants.

20. As a proximate result of Defendants' wrongful, retaliatory, arbitrary, capricious, and malicious and discriminatory conduct, pro se Plaintiffs suffered intentional infliction of severe emotional distress; loss of wages; actual and compensatory damages; and requests an award for actual and compensatory damages; requests reimbursement for medical bills for treatment for exacerbation of symptoms of anxiety, depression and PTSD; punitive damages and attorney fees and costs in an amount to be fully proved at the time of trial.

### THIRD CLAIM FOR RELIEF
### (Damages for Defamation)

21. Plaintiffs hereby re-allege and re-incorporate by reference all preceding allegations of law and fact contained in paragraphs 1-20.

22. Defendants defamed pro se Plaintiffs with the Colorado Supreme Court, Title Board, law enforcement and in the media.

23. Defendants violated in violation of Sec. 703 of Title VII and discriminated against pro se Plaintiff because of his traumatic brain injury in violation of State and Federal laws; including, but not limited to 42 U.S.C. §1201 et. seq.

24. As a proximate result of Defendants' wrongful, retaliatory, arbitrary, capricious, and malicious, discriminatory and defamatory conduct, Plaintiff suffered intentional infliction of severe emotional distress; actual and compensatory

damages; and requests an award for actual and compensatory damages; requests reimbursement for medical bills for treatment for exacerbation of symptoms of anxiety, depression and PTSD; punitive damages and attorney fees and costs in an amount to be fully proved at the time of trial.

## PRAYER FOR RELIEF

**WHEREFORE**, having set forth various claims against the Defendants, pro se Plaintiffs Andrew J. O'Connor and Mary E. Henry, prays for the following relief:

a. That the Plaintiffs be awarded punitive damages for defamation, intentional infliction of severe emotional distress, deprivation of civil rights including violation of Plaintiffs' rights under the First Amendment in violation of State and Federal laws; including, but not limited to 42 U.S.C. §1201 et. seq., as well as violations of Due Process and Equal Protection Clauses of the Fourteenth Amendment of the U.S. Constitution including costs and attorney fees;

b. That the Plaintiffs be awarded damages to be fully proved at the time of trial including, but not limited to economic, compensatory and actual damages;

c. That the Plaintiffs be awarded general damages for Plaintiffs' mental anguish, severe emotional distress and pain and suffering;

d. That the Plaintiffs be awarded their attorney fees and costs associated with this action;

e. That Plaintiffs be awarded treble damages and reasonable attorney's fees and costs pursuant to 42 U.S.C. §1201 et. seq., and

g.  That the Court grant any such other relief that may be just and proper.

## DEMAND FOR JURY TRIAL

Pro se Plaintiffs Andrew J. O'Connor and Mary Henry, hereby demand a trial by jury.

**Dated:** January 24, 2019

Respectfully submitted,
**ANDREW J. O'CONNOR AND MARY E. HENRY**

*s/Andrew J. O'Connor and Mary E. Henry*
**ANDREW J. O'CONNOR AND MARY E. HENRY**
Pro se Plaintiffs
1220 W. Devonshire Court
Lafayette, CO 80026
Tel: (303) 882-1693
Tel: (303) 919-7124
Email: oconnorandrew@hotmail.com
Email: meandgriff@gmail.com

JS 44 (Rev 06/17)    District of Colorado

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM )*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| *Andrew J. O'Connor and Mary E. O'Connor* | *CO Supreme Ct, et al.,* |
| **(b)** County of Residence of First Listed Plaintiff *Boulder*<br>*(EXCEPT IN U S PLAINTIFF CASES)* | County of Residence of First Listed Defendant *Denver*<br>*(IN U S PLAINTIFF CASES ONLY)*<br>NOTE   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>*Andrew J. O'Connor*<br>*1220 W. Dumse Ct*<br>*Lafayette, CO 80026* | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U S Government
       Plaintiff
- ☒ 3  Federal Question
       *(U S Government Not a Party)*
- ☐ 2  U S Government
       Defendant
- ☐ 4  Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for  Nature of Suit Code Descriptions

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### CIVIL RIGHTS
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer w/Disabilities - Employment
- ☒ 446 Amer w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U S Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U S  Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*

Brief description of cause

☐ AP Docket

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F R Cv P

DEMAND $ *5 million*

CHECK YES only if demanded in complaint
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*

JUDGE _____   DOCKET NUMBER _____

DATE *1/25/2019*    SIGNATURE OF ATTORNEY OF RECORD *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____